# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**YALE LARRY BALCAR** *et al.*                                                                    **PLAINTIFFS**

**v.**                       **CIVIL ACTION NO. 3:16CV-P665-CRS**

**KENTUCKY STATE REFORMATORY** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

By Order entered March 12, 2018 (DN 24), the Court directed Plaintiff Carl J. Perry, Jr., *pro se*, to file a response to Defendants' motion to dismiss (DN 21) or face dismissal. Plaintiff Perry sought an extension of time in which to file a response (DN 25). By Order entered May 10, 2018 (DN 27), the Court granted Plaintiff Perry's motion for extension; directed him to file his response on or before June 11, 2018; and warned him that his failure to respond to the motion to dismiss within the time allowed would result in his dismissal from this action for failure to comply with an order of this Court and for failure to prosecute. Review of the record reveals that Plaintiff Perry has failed to respond.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff Perry failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently,

**IT IS ORDERED** that Plaintiff Perry is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b). The **Clerk of Court is DIRECTED** to terminate Plaintiff Perry from this action.

Date: July 11, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff Balcar, *pro se*
      Plaintiff Perry, *pro se*
      Counsel of Record
4411.005