## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**YALE LARRY BALCAR** *et al.*                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 3:16-CV-P665-CRS**

**KENTUCKY STATE REFORMATORY** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered June 29, 2018, the Court directed Plaintiff Yale Larry Balcar,[1] a

recently released prisoner, either to pay the full $175.00 balance of the filing fee to the Clerk of

Court or to file a non-prisoner application to proceed without prepayment of fees (DN 28).  The

Court warned Plaintiff Balcar that failure to comply within 30 days from entry of that Order

would result in dismissal of this action.  The 30-day period has expired without compliance by

Plaintiff Balcar.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan

v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  "[W]hile *pro se* litigants may be entitled

to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal

training, there is no cause for extending this margin to straightforward procedural requirements

that a layperson can comprehend as easily as a lawyer."  *Id.*  "[T]he lenient treatment of *pro se*

litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily

understood court-imposed deadline, there is no basis for treating that party more generously than

---

[1] By Memorandum Opinion and Order entered July 12, 2018, co-Plaintiff Carl J. Perry, Jr., was dismissed from this action pursuant to Rule 41(b) for failure to prosecute (DN 29).

a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff Balcar failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff Balcar has abandoned any interest in prosecuting this action.

Therefore, this action will be dismissed by separate Order.

Date: August 9, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
   Counsel of Record
4411.005